PROVIDED TO MAYO CORRECTIONAL INSTITUTION
ON 10-4-24 (DATE) FOR MAILING
CLK (STAFF INITIAL) JG (I/M INITIAL)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**

**CIVIL RIGHTS COMPLAINT FORM FOR**
**PRO SE PRISONER LITIGANTS IN ACTIONS UNDER**
**28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983**

JEFFERY C. GREEN,

Inmate ID Number: 122414,

*(Write your full name and inmate ID number.)*

Case No.: 1-24-cv-174 MCR/MJF
*(To be filled in by the Clerk's Office)*

v.

A. Johns,

Matthew J. Liston,

Holly Hamlin,

*(Write the full name of each Defendant who is being sued. If the names of all the Defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

See Attached Et al /

**Jury Trial Requested?**
☐ YES ☐ NO



FILED USDC FLND GV
OCT 7 '24 AM8:05
KM

Colonel T. Rowe
Captain T. King
Officer K. Atkins-Cruse
Officer K. Sheppard
Classification Officer C. Day
Lieutenant P.C. Driver
Lieutenant S. Chancy
Sergeant T. Lee

LEGAL

# I. PARTIES TO THIS COMPLAINT

A. Plaintiff

Plaintiff's Name: Jeffery C. Green ID Number: 122414

List all other names by which you have been known: ____________

____________

Current Institution: Mayo Correctional Institution Annex

Address: 8784 U.S. Highway 27 West
Mayo, Florida 32066

B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for ***each and every*** Defendant:

1. Defendant's Name: A. Johns

Official Position: Grievance Administrative

Employed at: Florida Department of Corrections

Mailing Address: Florida Department of Corrections Bureau of Policy Management and Inmate Appeals 501 South Calhoun Street, Tallahassee, Fl. 32399

☑ Sued in Individual Capacity ☐ Sued in Official Capacity

2. Defendant's Name: Matthew J. Liston

   Official Position: Correctional Service Administrator

   Employed at: Florida Department of Corrections

   Mailing Address: Florida Department of Corrections Regional Directors Office Region II
   7763 South County Rd. 231 Lake Butler Fl. 32054

   ☑ Sued in Individual Capacity ☐ Sued in Official Capacity

3. Defendant's Name: Holly Hamlin

   Official Position: Assistant Warden

   Employed at: Mayo Correctional Institution Annex

   Mailing Address: 8784 U.S. Highway 27 West
   Mayo, Florida 32066

   ☑ Sued in Individual Capacity ☐ Sued in Official Capacity

   (*Provide this information for all additional Defendants in this case by attaching additional pages, as needed.*)

## II. BASIS FOR JURISDICTION UNDER 28 U.S.C. § 1331 or § 1346

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

(Attachment Page II) I Parties To This Complaint
Continuation To Page 2

4) Defendant's Name: T. Rowe
Official Position: Colonel
Employed at: Mayo Correctional Institution Annex
Mailing Address: 8784 U.S. Highway 27 West
Mayo, Florida 32066
■ Sued in Individual Capacity

5) Defendant's Name: T. King
Official Position: Captain
Employed at: Mayo Correctional Institution Annex
Mailing Address: 8784 U.S. Highway 27 West
Mayo, Florida 32066
■ Sued in Individual Capacity

6) Defendant's Name: K. Atkins-Cruse
Official Position: Correctional Officer
Employed at: Mayo Correctional Institution Annex
Mailing Address: 8784 U.S. Highway 27 West
Mayo, Florida 32066
■ Sued in Individual Capacity



LEGAL MAIL ONLY

(Attachment To Page II) I. Parties To This Complaint
Continuation To Page 2

7) Defendant's Name: K. Sheppard
Official Position: Correctional Officer
Employeed at: Mayo Correctional Institution Annex
Mailing Address: 8784 U.S. Highway 27 West
Mayo, Florida 32066
■ Sued in Individual Capacity

8) Defendant's Name: C. Day
Official Position: Classification Officer
Employeed at: Mayo Correctional Institution Annex
Mailing Address: 8784 U.S. Highway 27 West
Mayo, Florida 32066
■ Sued in Individual Capacity

9) Defendant's Name: P.C. Driver
Official Position: Lieutenant
Employeed at: Mayo Correctional Institution Annex
Mailing Address: 8784 U.S. Highway 27 West
Mayo, Florida 32066
■ Sued in Individual Capacity



LEGAL MAIL ONLY

(Attachment Page II) I. Parties To This Complaint
(Continuation To Pg 2)

10) Defendant's Name: S. Chancy
Official Position: Lieutenant
Employed at: Mayo Correctional Institution Annex
Mailing Address: 8784 U.S. Highway 27 West
Mayo, Florida 32066
■ Sued in Individual Capacity

11) Defendant's Name: T. Lee
Official Position: Sergeant
Employed at: Mayo Correctional Institution Annex
Mailing Address: 8784 U.S. Highway 27 West
Mayo, Florida 32066



LEGAL M

Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*) ☑ State/Local Officials (*§ 1983 case*)

## III. PRISONER STATUS

Indicate your confined status:

☐ Pretrial Detainee ☐ Civilly Committed Detainee

☑ Convicted State Prisoner ☐ Convicted Federal Prisoner

☐ Immigration Detainee ☐ Other (*explain below*):

______________________________________________________________

______________________________________________________________

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the ***facts*** showing why you are entitled to relief. Describe how ***each*** Defendant was involved and what each Defendant did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short, numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal arguments, quote cases, cite statutes, or reference a memorandum.*** You may make copies of page 6 if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. Exhibits attached to

the complaint will count as part of your page limitation. Therefore, do not attach irrelevant or unnecessary exhibits. Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.

1). Defendant A. Johns Grievance Administrator for the Florida Department of Corrections has violated the Plaintiffs rights to free speech by denying and returning without action every grievance that the Plaintiff has filed to the Secretary Office for Grievance Appeals. The Plaintiff has filed several grievances to the Bureau of Policy Management and Inmate Appeals and every grievance that this defendant has answered has been denied or returned without action. The Plaintiff received a grievance appeal back from Grievance Official S. Milliken who approved the grievance for further inquiry on January 30,th 2023. This grievance was concerning the stolen, missing and damage property the Plaintiff had been complaining about. This grievance approval was only rendered because the Plaintiff sent the grievance out through the legal mail route by by-passing the Grievance Co-Ordinator at that time M. Thomas, defendant Assistant Warden Holly Hamlin's Office and defendant A. John's office. The Plaintiff tried to follow up on the "Approved" grievance but received hinderance

**Statement of Facts Continued** (*Page* 1 *of* 6 )

at the institutional level from Asst. Warden Hamlin, Grievance Coordinator Thomas, Mailroom Official K. Lawson and P. Thompkins who is also a mailroom official. The Plaintiff tried to explain the grievance process hinderance that transpired at Mayo C.I. Annex to defendant A. Johns but it was to no avail. Defendant A. Johns only actions toward the Plaintiff's grievances, appeals and complaints were denials and returned without actions. Due to defendant A. Johns' actions the Plaintiff's First Amendment rights to Freedom of Speech were violated.

2nd Defendant: Defendant Matthew J. Liston violated the Plaintiffs' Constitutional rights by his retaliatory actions that happened on June 1st, 2023 at approximately 7:45 A.M. Defendant Matthew J. Liston actions of reprisal caused the Plaintiff to suffer adverse actions and damages from the Mayo Correctional Institution Annex administration. On 6-1-23 the defendant approached the Plaintiff's cell and told him that he has too much legal work for just one inmate and walked away. He then returned and ask for the Plaintiff's identification card. He then took the Plaintiffs Id card and displayed

it to several Staff members such as the Warden, Asst. Warden Holly Hamlin, Head of Classi-
fication, Colonel T. Rowe, Capt. T. King, Lt. S. Chancy, Lt. P.C. Driver and several other
Officials. Defendant Liston returned back to the Plaintiff's cell and Stated: "Here is
your ID tag back". "So the staff members here at Mayo says that you are that writ
writing motherfucker that loves to write grievances and file law suits." "Is that
true?" They also tell me that you have a civil suit against my bossman Mr. Ricky
Dixon." "Is that true also?" "You need to stop filing grievances and complainsts against
my brothers and sisters that work for this Department or we will retaliate on you.
"Stop writing grievances and filling law suits you hear me Nigger!" "OR Your days will
be numbered." "You got my word on that!" Defendant Liston then ordered me to put
my hands on my head, go downstairs and told Lt. P.C. Driver and the Sergeant to put
handcuffs on the Plaintiff. Capt. T. King told Lt. P.C. Driver that I was going to confine-
ment for 9-17 Disorderly Conduct because the higher ups said Inmate Green has a bad
attitude". The Plaintiff was escorted to medical pre-Confinement then placed in A.C.
Confinement pending Disciplinary Report Hearing. A Disciplinary Report was written by defendant
Liston and investigated by Correctional Officer Guiffaro. The D.R. Hearing was held on 6-6-23
for D.R. infraction 1-4 Disrespect to officials. Plaintiff was sentence to fifteen (15) days D.C.
Confinement. The Plaintiff spent nine (9) days without tooth brush, soap, deoderant, Stamps,
writing paper, or any of the Plaintiff's legal documents or letters which hinder the Plaintiff
from successfully grievances and denied the Plaintiff access to the Courts. The Plaintiff
had active legal actions pending in the courts at this time. (Green vs. Ricky Dixon 2023-
CA-000032); (Green vs. State of Florida 5D23-0719); (Green vs. State of Florida 5DCA 23-
0202). Due to defendant Liston's retaliatory actions the Plaintiff was denied his
rights to be free from cruel and unusual punishment and denied his right to freedom of
Speech guaranteed by the 8th and 1st Amendments.

3rd Defendant: Defendant Holly Hamlin violated the Plaintiff's First Amendment Constitutional right and Eighth Amendment rights by signing, and approving falsified state records and documents that were responded to inaccurately by defendant Col. T. Rowe. The Plaintiff has filed numerous grievances concerning his missing, stolen and damaged property. Since Oct. 4, 2022 the Plaintiff has been receiving retaliatory actions from officers and staff members. Defendant Holly Hamlin has signed off on most of the institutional administrative level responses which mostly consist of inaccurate and fabricated responses. Defendant Hamlin signed off on an approved grievance but it was never remedied. Defendant Hamlin also verbally threaten the Plaintiff during her numerous rounds of inspections. The Plaintiff was threaten during a verbal consultation he had with this defendant concerning the Plaintiff's grievances writing capabilities. Defendant Hamlin also participated in the purposely held grievance that the Plaintiff filed timely on 3-28-23. The Plaintiff filed this issue to the Secretary of Department of Corrections but for some reason the grievance was hindered and delayed by the Grievance Coordinator M. Thomas which cause the grievance to be denied and dismissed. Defendant Hamlin's retaliatory actions denied the Plaintiff's rights to freedom of speech guaranteed by the First Amendment and the right to be free from cruel and unusual punishment.

4th Defendant: Defendant T. Rowe violated the Plaintiff's First Amendment Constitutional Right and Eighth Amendment right due to her retaliatory actions starting on December 2, 2022.

On 12-2-2022 at approximately 1:30 p.m.-2:00 p.m. the Plaintiff was escorted by Captain A. Thomas to Colonel T. Rowes office to discuss another stolen and missing property issue. At this meeting between the Plaintiff and Col. T. Rowe the defendant became hostile and belligerent. The defendant began to scream, yelling at the top of her lungs pointing her fingers at the Plaintiff in a violent and threatening manner, cursing and using abusive language then ordering the Plaintiff to turn around to be hancuffed.

After the Plaintiff was handcuffed he was then threaten by the defendant Col. T. Rowe. Defendant T. Rowe ask the Plaintiff why did he write the grievance and then told the Plaintiff to stop writing grievances on her officers concerning this issue. She then told Sgt. T. Lee to escort the Plaintiff to confinement. Sgt. T. Lee then violently grabs the Plaintiff's right arm and snatches the Plaintiffs' face washcloth from his waist and threw the Plaintiff's face washcloth to the ground. The Plaintiff was escorted by Sgt. T. Lee to C-Dormitory and placed in the holding cell. Every grievance that the Plaintiff has filed since this initial incident defendant T. Rowe has answered with a denial or returned without action response causing further hinderance to the Plaintiff's right to file grievance which is protected by the First Amendment right to freedom of Speech. Defendant Rowe's retaliatory actions were due to the Plaintiff filing grievances Concerning his missing and damaged property items as well as prison conditions.

Defendant #5: Defendant Sgt. T. Lee violated the Plaintiffs' 8th Amendment Constitutional Right to be free from Cruel and unusual punishment. On 12-2-2022 at approximately 1:30 p.m. - 2:00 p.m. the Plaintiff was escorted by Capt. A Thomas to Col T. Rowe's office to discuss another stolen and missing property issue when gang Sgt. T. Lee grab my arm in a forceful and violent manner while I was in handcuffs and snatched my canteen purchased washcloth and threw it on the floor in a violent manner. He then escorted me to C-Dormitory and placed me in the holding cell by order of Colonel T. Rowe and Capt. A. Thomas. This Sergeant's actions were done maliciously and out of retaliation for a grievance the Plaintiff filed concerning other stolen, missing, and damaged property. Defendant T. Lee's retaliatory actions were done out of spite for the writing of grievances concerning the Plaintiff's missing and damaged property items and prison conditions.

Defendant #6: Defendant Captain T. King who was the Officer-in-Charge on the Administrative morning shift and was the responding official on the initial Informal Grievance that the Plaintiff submitted on Correctional Officer K. Atkins-Cruse and the other officer. Defendant T. King authorized the writing of the Disciplinary Report written by K. Atkins Cruse on 10-7-2022 which was in retaliation because the Plaintiff was exercising his first amendment right of Freedom of speech by Filing grievances concerning issues of his imprisonment. Defendant T. King answered the initial Informal Grievances denying and returning them without action. The Plaintiff filed an informal grievance of reprisal to the warden concerning the D.R. that Officer K. Atkins Cruse wrote. Defendant T. King intercepted this grievance and responded to it. The Plaintiff was placed in a confinement cell and sentence to thirty (30) days D.C. Confinement. During those twenty eight (28) days there was no cell clean-up, no hygienic Supplies given out and no outside recreation. All of the food trays were cold. Four (4) months after the bogus written D.R. and D.C. Confinement time the Plaintiff submitted another Emergency Grievance to the Secretary of Florida Department of Corrections Pursuant to Florida Administrative Code 33-103.017 Reprisal. The Emergency Grievance for Reprisal was filed by the Plaintiff concerning Captain T. King's retaliation in the form of abusive and threatening language that occurred on February 22, 2023 at approximately 3:19 A.M. The Plaintiff was asleep in C-Dormitory Cell 3113 when defendant T. King had the cell door rolled and began cursing, threatening and using every type of abusive language towards the Plaintiff. Defendant T. King then had Officer K. Sheppard and another officer handcuff him and escorted to C-Dorm's holding cell where he continued to use abusive and threatening language. The defendant then ask the Plaintiff are you Jeffery C. Green? The Plaintiff answered yes. The defendant then stated to the Plaintiff: "Oh you are that Writ writing Mother Fucker!"

The Defendant then stated that he doesn't care about any grievance being written on him because nothing is going to happen, because the grievance administrator Mr. A. Johns in Central Office in Tallahassee is one of us." So you need to stop writing all of these God-damn grievances or else." After defendant T. King finished his abusive and threatening rhetoric he released the Plaintiff from the holding cell back to the open population wing. This defendant's actions violated the Plaintiff's 1st Amendment Constitutional Right to Freedom of Speech which should entitled the Plaintiff to some sort of relief.

Defendant #7: Defendant K. Sheppard violated the Plaintiff's First Amendment Constitutional right to have freedom of speech which is constitutionally protected. Due to this Defendant's retaliatory actions on October 4, 2022 the defendant's action caused the Plaintiff to suffer adverse actions from the administration. On Oct 4th 2022 at approximately 12:55 p.m. Upon being placed in G-Dormitory Confinement Unit holding cell the defendant approached the holding cell to retrieve the Plaintiff's personal property he came to confinement with. The Plaintiff had on his possession personal shoes New Balance, personal socks, thermal long sleeve top, and dry fit T-Shirt. The defendant took possession of the Plaintiff's personal property to stored with the property that was being packed by other officers in Delta Dormitory. No DC6-220 Property inventory form was filled out by the defendant after Collecting the Plaintiff's personal property items. The defendant explained to the Plaintiff that these personal property items would be stored with the rest of the Plaintiff's personal property once it arrives from Delta dorm. Later that afternoon Sgt. J. Harris brought the pink copy of the DC6-220 inventory list for me to sign for my (K) Keep property. There was no thermal long sleeve top, dry fit T-shirt, personal socks listed only white Sneakers (1) pair marked (S) for stored which were the other pair of shoes the Plaintiff owned. These other pair of shoes were not the brand new New Balances that the Plaintiff wore to confinement.

STATEMENT OF FACTS continuation ( 2 of 6 )

The Plaintiff did not discover the missing New Balances and the other personal property items until he went to retrieve his property from the property room on 11-2-2022. Upon further investigation it was discovered that defendant Sheppard gave the Plaintiff's New Balances shoes to another inmate and threw the rest of the Plaintiff property in the trash. This was discovered on 11-3-2022. The inmate Dayne R. Hall said that defendant Sheppard gave him the Plaintiff's shoes and threw away the rest of Plaintiff's Dry-fit t-shirt, thermal long sleeve top, personal socks because of several grievances that was written by the Plaintiff, so in retaliation for the grievances Captain T. King ordered defendant Sheppard to destroy and throw away the Plaintiffs' personal property. Inmate Hall then sold the Plaintiff's New Balance shoes to another inmate for $150.00.

The Plaintiff seen this particular inmate with his shoes on his feet and told him they belong to the Plaintiff. He said he bought the shoes from inmate Dayne R. Hall for $150.00 The New Balance shoes were damaged to the point of being unrepairable.

The Plaintiff filed Informal Formal grievances; filed complaints to the State Attorney, Inspector General Office, Attorney General's Office, Sheriff Office, John Palmer Region II Director's Office, Third Judicial Circuit Court, U.S. Inspector General Office, Florida Department of Law Enforcement and U.S. Department of Justice Federal Bureau of Investigation concerning this retaliation matter but most of the Plaintiff's legal mail letters were intercepted, hindered or tampered with denying the Plaintiff his right to freedom of speech guaranteed by the First Amendment, the right to be free from cruel and unusual punishment guaranteed by the eighth Amendment of the U.S. constitution.

Statement of Facts Continuation (8 of 12)

Defendant # 8: Defendant K. Atkins-Cruse violated the Plaintiffs' First Amendment Constitutional Right to have Free Speech which is constitutionally protected. Due to her retaliatory actions on Oct. 4, 2022 the defendant's actions caused the Plaintiff to suffer adverse actions from the Mayo Correctional Institution Annex Administration. On September 13, 2022 the Plaintiff submitted a Informal Grievance concerning an incident that happen on September 11, 2022 at approximately 10:15 A.M. on the recreation yard. On 9-18-22 the informal grievance was answered by Captain T. King. The Plaintiff then filed a Formal Grievance to the Warden in accordance with 33-103.006 Florida Administrative Code due to the Plaintiff not being satisfied with the respondents response. On Oct. 4th 2023 shortly after the Plaintiff filed his grievance the Officer-In-Charge Capt. T. King authorized defendant K. Atkins-Cruse to write a falsified and bogus Disciplinary Report on the Plaintiff in retaliation for the grievances he wrote on her and another officer. The defendant's actions violated the Plaintiff's 1st Amendment Constitutional right to freedom of speech which should entitled the Plaintiff to some sort of relief. as well as the 8th Amendment right to be free from cruel and unusual punishment.

Defendant #9: Defendant P.C. Driver violated the Plaintiffs First Amendment and eighth amendment rights due to his retaliatory actions on October 11th 2022. The defendant's actions violated the Plaintiffs rights to freedom of speech and right to be free from cruel and unusual punishment. The Defendant's actions caused the Plaintiff to suffer adverse actions from the Mayo C.I. Annex staff members and administration. Defendant P.C. Driver who was one of the D.R. Hearing Chair persons found the Plaintiff guilty of the fabricated D.R. that Ofc. K. Atkins Cruse wrote and sentence the Plaintiff to thirty (30) days Disciplinary Confinement. For his actions of knowing the true facts of this whole entire issue of retaliation, after it was explained and proven by evidence

that the Disciplinary Report was falsified this defendant still intentionally violated the Plaintiffs constitutional rights whereas he suffered inhumane living conditions.

Defendant #10: Defendant C. Day violated the Plaintiffs First Amendment and eighth amendment rights due to his retaliatory actions on October 11, th 2022. The defendant's action violated the Plaintiffs rights to freedom of speech, and rights to be free from cruel and unusual punishment. The defendant's actions caused the Plaintiff to suffer adverse actions from the Mayo C.I. Annex Staff members and Administration. Defendant C. Day who was the Classification Officer along with Lieutenant P.C. Driver who were the Disciplinary Report Team members that heard the D.R. and found the Plaintiff guilty of the fabricated D.R that Ofc. K. Atkins-Cruse wrote. The Plaintiff was sentence to thirty (30) days Disciplinary Confinement where he suffered inhumane living conditions and treatment. For his actions of knowing the true facts of this whole entire issue of retaliation, after it was explained and proven by evidence that the Disciplinary Report was falsified this defendant still deliberately and intentionally violated the Plaintiffs constitutional rights.

Defendant #11: Defendant S. Chaney who violated the Plaintiff's Constitutional Rights due to her retaliatory actions. Defendant Chaney who participated as the D.R. Hearing Team Chairperson violated the Plaintiff's First and eighth amendment rights. This Defendant's actions violated the Plaintiff's right to freedom of Speech and the right to be free from cruel and unusual punishment. The defendant's actions caused the Plaintiff to suffer adverse actions from the Mayo C.I Annex Staff members and Administration. Defendant Chaney along with the Plaintiff's CLO Ms. Roberts were the D.R. Hearing Team members that heard the D.R. that was written by Defendant Matthew Liston. This D.R. Hearing was held on 6.6.23. Once again the team members found the Plaintiff guilty of this fabricated D.R. that defendant Liston wrote. The Plaintiff was sentence to D.C. confinement status where he suffered inhumane living conditions and treatment.

Statement of facts continuation (6 of 6)

For her actions of knowing the true facts of this whole entire issue of retaliation after it was explained and proven by evidence that the disciplinary report was falsified, this defendant still purposely violated the Plaintiff's constitutional rights.

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section IV. If more than one Defendant is named, indicate which claim is presented against which Defendant.

Defendant A. Johns has violated the Plaintiff's Constitutional Right to Freedom of Speech that is guaranteed by the First Amendment by denying and returning without action every grievance that the Plaintiff has filed to the Secretary office of Grievances and Appeals. (Continuation Attachment Page)

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

The Plaintiff seeks actual damages for all court costs, litigation fees, missing property, damage property. Nominal Damages in the range of $10,000.00 from each defendant. Any Punitive Damages the courts deems reasonable for all the pain and suffering.

2nd Defendant: Matthew J. Liston violated the Plaintiff's constitutional rights by his actions; due to his retaliatory actions - The Plaintiff's 1st and 8th Amendment civil rights to be free from cruel and unusual punishment and freedom of speech

3rd Defendant: Holly Hamlin violated the Plaintiff's First Amendment Constitutional right and his eighth amendment rights by signing and approving falsified State records and documents. Defendant Hamlin's retaliatory actions denied the Plaintiff's rights to freedom of speech guaranteed by the First Amendment and the right to be free from cruel and unusual punishment.

4th Defendant: Defendant T. Rowe violated the Plaintiff's First Amendment Constitutional right and eighth amendment right due to her retaliatory actions starting on Dec. 2, 2022 The defendant violated the Plaintiff's right to file grievances which is protected by the first amendment to freedom of speech. The defendant also violated the Plaintiff's right to be free from cruel and unusual punishment guaranteed by the 8th Amendment.

5th Defendant: Defendant Sgt. T. Lee violated the Plaintiff's 8th Amendment Constitutional right to be free from cruel and unusual punishment. On 12-2-2022 defendant Lee violated the Plaintiff's civil rights with his retaliatory actions by grabbing the defendant's arm in a violent manner while in hancuffs and snatching his personal property throwing it to the floor.

6th Defendant: Defendant Capt. T. King violated the Plaintiff's Constitutional rights to be free from cruel and unusual punishment and freedom of speech guaranteed by the 8th and 1st Amendment of the U.S. Constitution. The defendant violated the Plaintiff's civil rights several times starting on Oct 4th 2022.

Defendant #7: Defendant K. Sheppard violated the Plaintiff's First Amendment Constitutional right to have Freedom of speech, which is constitutionally protected. Due to defendant K. Sheppard retaliatory actions on October 4th 2022 the Plaintiff suffered adverse actions from the administration of Mayo Correctional Institution Annex. In which caused the Plaintiff rights to be free from cruel and unusual punish of the 8th Amendment to be violated.

Defendant #8: Defendant K. Atkins-Cruse violated the Plaintiffs 8th Amendment Constitutional rights to be free from cruel and unusual punishment and his right to Freedom of speech guaranteed by the First Amendment. The defendant's actions of retaliation caused the Plaintiff to suffer adverse actions from the Mayo Correctional Institution Annex Administration

Defendant #9: Defendant P.C. Driver violated the Plaintiffs constitutional rights of Freedom of speech protected by the First Amendment and the Plaintiff's right to be free from Cruel and unusual punishment. The defendant's actions caused the Plaintiff to suffer adverse actions from Mayo C.I. Annex staff members and administration. The defendant purposely violated the Plaintiff's constitutional rights whereas he suffered inhumane living conditions.

Defendant #10: Defendant C. Day violated the Plaintiff's constitutional rights of Freedom of speech protected by the First Amendment and the Plaintiff's right to be free From cruel and unusual punishment. The defendant's actions caused the Plaintiffs to suffer adverse actions from Mayo C.I. Annex staff members and administration. The defendant intentionally violated the Plaintiff's constitutional rights whereas he suffered inhumane living conditions.

Defendant #11: Defendant S. Chancy who violated the Plaintiff's constitutional Rights due to her retaliatory actions. The defendant's actions violated the Plaintiff's rights to freedom of speech and the right to be free from cruel and unusual Punishment. The defendant's action caused the Plaintiff to suffer adverse actions from the Mayo C.I. Annex staff members and administration. The defendant's actions violated the Plaintiff's first Amendment and eighth amendment constitutional Rights.

## VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies (*grievance procedures*) before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION:** ***If you did not exhaust available remedies prior to filing this case, this case may be dismissed.*** If the case is dismissed for failure to exhaust or for any reason, you will still be required to pay the full filing fee and the dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Therefore, please consider whether you have fully exhausted your remedies before proceeding with this action.

## VIII. PRIOR LITIGATION

***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.***

**ATTENTION:** ***The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while***

***incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).***

A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

☐ YES ☑ NO

If "Yes," identify the case number, date of dismissal, and court for each case:

1. Date:________________ Case #: __________________________

   Court: ______________________________________________

   Reason: _____________________________________________

2. Date:________________ Case #: __________________________

   Court: ______________________________________________

   Reason: _____________________________________________

3. Date:________________ Case #: __________________________

   Court: ______________________________________________

   Reason: _____________________________________________

(*If necessary, list additional cases on an attached page*)

B. Have you filed other lawsuits or appeals in ***state or federal court*** dealing with the same facts or issue involved in this case?

☐ YES ☑ NO

If "Yes," identify the case number, parties, date filed, result (*if not still pending*), name of judge, and court for each case (*if more than one*):

1. Case #:_______________ Parties: ______________________________

   Court:____________________ Judge: __________________________

   Date Filed:__________ Dismissal Date (*if not pending*): ___________

   Reason: ___________________________________________________

2. Case #:_______________ Parties: ______________________________

   Court:____________________ Judge: __________________________

   Date Filed:__________ Dismissal Date (*if not pending*): ___________

   Reason: ___________________________________________________

   (*If necessary, list additional cases on an attached page*)

C. Have you filed any other lawsuit, habeas corpus petition, or appeal in ***state or federal court*** either challenging your conviction or relating to the conditions of your confinement?.

☑ YES ☐ NO

If "Yes," identify all lawsuits, petitions and appeals:

1. Case #: 3:20-cv-970-BJD Parties: Green vs. Mark Inch

   Court: U.S. Dist. Middle Dist. Judge: Brian J. Davis

   Date Filed: 12-23-20 Dismissal Date (*if not pending*): Still Pending

   Reason: Habeas Corpus Actual Innocence Claim 2254

2. Case #:__________ Parties: __________

   Court:__________ Judge: __________

   Date Filed:__________ Dismissal Date (*if not pending*): __________

   Reason: __________

3. Case #:__________ Parties: __________

   Court:__________ Judge: __________

   Date Filed:__________ Dismissal Date (*if not pending*): __________

   Reason: __________

4. Case #:__________ Parties: __________

   Court:__________ Judge: __________

   Date Filed:__________ Dismissal Date (*if not pending*): __________

   Reason: __________

5. Case #:__________ Parties: __________

   Court:__________ Judge: __________

   Date Filed:__________ Dismissal Date (*if not pending*): __________

   Reason: __________

6. Case #:_______________ Parties: ______________________________

Court:____________________ Judge: __________________________

Date Filed:__________ Dismissal Date (*if not pending*): ___________

Reason: ___________________________________________________

(***Attach additional pages as necessary to list all cases.***)

## IX. CERTIFICATION

1. I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

2. Additionally, as required by Federal Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non- frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

3. I understand it is my obligation to timely notify the Clerk's Office if there is any change to my mailing address and that my failure to do so may result in a dismissal of the action.

Date: 10.3.24 Plaintiff's Signature: [signature]

Printed Name of Plaintiff: Jeffery C. Green

Correctional Institution: Mayo Correctional Institution Annex

Address: 8784 U.S. Highway 27 West

Mayo, Florida 32066-3458

**I certify and declare, under penalty of perjury, that this complaint was (*check one*) ☐ delivered to prison officials for mailing or ☑ deposited in the prison's mail system for mailing on the 3rd day of Oct., 2024.**

Signature of Incarcerated Plaintiff: [signature]

Jeffery C. Green DC# 122414-J2140s
Mayo Correctional Institution Annex
8784 U.S. Highway 27 West
Mayo, Florida 32066-3458




343

United States District Court
Northern District of Florida
Office of The Clerk
401 S.E. 1st Avenue, Suite 243
Gainesville, Florida 32601-6805

MAILED FROM A
STATE CORRECTIONAL
INSTITUTION
LEGAL MAIL

LEGAL MAIL ONLY

PROVIDED TO MAYO CORRECTIONAL INSTITUTION
ON 10-4-24 (DATE) FOR MAILING
CKK (STAFF INITIAL) SG (I/M INITIAL)

CHECKED OCT 07 2024